**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ASHOOR RASHO, #A023659742,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-00607-JPG** |
| | ) | |
| **JOHN/JANE DOE 1** | ) | |
| **and JOHN/JANE DOE 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Ashoor Rasho is a detainee who is currently in the custody of the Department of Homeland Security ("DHS") and Immigration and Customs Services ("ICE"). He brings this *pro se* action pursuant 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. In the Complaint, Rasho challenges the adequacy of mental health services provided at Pulaski County Detention Center in Ullin, Illinois. (Doc. 1, pp. 1-6). He seeks money damages and/or unspecified injunctive relief. (*Id*. at 5).

Rasho allegedly has a well-known history of mental illness. (*Id*. at 2-5). DHS and ICE have instituted policies to ensure treatment of mentally-ill detainees in a non-discriminatory manner aimed at ensuring their safety, security, dignity, and respect. (*Id*. at 2). However, Pulaski County Detention Center officials have violated these policies by denying Rasho access to treatment, programs, and services. (*Id*. at 2-5). Rasho alludes to an incident on March 8, 2020, when he became "psychotic" and attacked another inmate. (*Id*. at 4). He names John/Jane Doe 1 (DHS) and John/Jane Doe 2 (ICE), both supervisory officials from Chicago, Illinois, as defendants. He offers no allegations in support of his claims against either defendant. (*Id*. at 1-6).

Rasho originally brought this action in the United States District Court for the Northern District of Illinois.  *See Rasho v. Doe, et al.*, No. 20-cv-50139 (N.D. Ill. March 30, 2020).  Because his claims arise from the misconduct of officials at Pulaski County Detention Center, as opposed to policies put into place by Defendants, the Northern District of Illinois transferred the case to this District on June 23, 2020.  (Doc. 10).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint does not survive preliminary review under Section 1915A.  Plaintiff sets forth no factual allegations in support of his claims.  He cites no concrete examples of instances in which he was denied access to treatment, programs, or services.  He fails to name defendants who were responsible for violations of his federal constitutional or statutory rights.  Given all of this, the Court finds that the Complaint does not satisfy Federal Rule of Civil Procedure 8 or the basic pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Accordingly, the Complaint shall be dismissed for failure to state a claim upon which relief may be granted.  The dismissal shall be without prejudice, and Plaintiff will have an opportunity to file an amended complaint focusing on a single set of related claims against one group of defendants.

Because Plaintiff discloses a well-documented history of mental illness and has demonstrated difficulty articulating his claims, identifying defendants, and specifying the relief he requires, the Court deems it appropriate to assign him counsel.  Although there is no constitutional or statutory right to counsel in federal civil cases, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  When considering whether to do so, the district court must consider whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).  The Court now finds that these factors weigh in favor of recruiting counsel to represent Plaintiff.  Accordingly, the Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff *only in this case*.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 25, 2020**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's Motion for Attorney Representation (Doc. 8) is **GRANTED**. For the reasons stated above, the Court deems it necessary to **ASSIGN** counsel to represent Plaintiff *in this case only*. In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Thomas R. Chibnall** of **Jackson Lewis, P.C.** located in St. Louis, MO, is **ASSIGNED** to represent Plaintiff in this civil rights case. On or before **July 10, 2020**, assigned counsel shall enter his/her appearance in this case. Attorney Chibnall is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 1 to Attorney Chibnall. The electronic case file is available in CM-ECF.

**Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case**. The only exception is a pleading which asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.   Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.   In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."   The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**ASHOOR R. RASHO #A023659742**
**PULASKI COUNTY DETENTION CENTER**
**Inmate Mail**
**20 Justice Drive**
**Ullin, IL 62992**

**IT IS SO ORDERED.**

**DATED:  6/25/2020**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**United States District Judge**